UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS - 6

| Case No. | CV 12-3124 PSG (FMOx) | Date | April 16, 2012 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A. v. Jose Flores | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present   Not Present

**Proceedings:**   (In Chambers)  Order REMANDING case to state court

On April 10, 2012, Defendant Jose Flores ("Defendant") filed a notice of removal of an unlawful detainer action brought by Plaintiff HSBC Bank USA, N.A. ("Plaintiff"). Dkt. #1. After reviewing Defendant's notice of removal and the underlying Complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider sua sponte whether it has subject matter jurisdiction).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] defendant may not remove a case to Federal court unless the *plaintiff's* complaint establishes that the case arises under Federal law." *Franchise*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 12-3124 PSG (FMOx) | Date | April 16, 2012 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A. v. Jose Flores | | |

*Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983). Here, the Complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the Complaint, it is clear that no basis for federal question jurisdiction exists.

Defendant also argues removal is proper under 28 U.S.C. § 1443. *See Not.* 4:24-22:9. To establish removal under this statute, a defendant's removal notice must (1) assert a right under a federal law protecting civil rights stated in terms of racial equality and (2) identify a state statute or constitutional provision that purports to command the state courts to ignore the enforcement of the specified federal right in state courts. *See City of Greenwood v. Peacock*, 384 U.S. 808, 824-28 (1996). Defendant has made no such showing, particularly with regard to the second element.

Furthermore, there is no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a). Here, Defendant's notice of removal fails to establish Plaintiff's state of incorporation or principal place of business. Also, from the face of Plaintiff's Complaint, it is apparent that Defendant will be unable to prove that the amount in controversy exceeds $75,000. The Complaint states that the amount demanded does not exceed $10,000. *Compl.* at 1. Moreover, the Complaint seeks damages of $45.37 per day from December 14, 2010. *Compl.* ¶ 9. Through today this would amount to approximately $22,050. This is far less than the requirement of $75,000. Thus, diversity jurisdiction is lacking.

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction and REMANDS this case to Los Angeles Superior Court.

**IT IS SO ORDERED.**